## CIRCUIT COURT OF FAIRFAX COUNTY

Randall Kennedy

    v.

Linda Kennedy

October 12, 2011

Case No. CL-2006-14898

By Judge Jane Marum Roush

This matter came on for a hearing on October 7, 2011, on the defendant's "Motion for Finding of Contempt." At the conclusion of the hearing, the court took the matter under advisement. Having fully considered the matter, the Motion for Finding of Contempt will be denied.

*Background*

The parties were divorced by a final decree of divorce entered in this court on December 27, 2005. The final decree incorporated the parties' property settlement agreement dated May 8, 2003. Paragraph 8(B) of the property settlement agreement provided:

> The parties agree that the wife is entitled to a marital portion, which is 50% of the husband's pension with the County of Fairfax Uniform Retirement Association in regard to his employment with the Fairfax County First [sic] and Rescue Department, and that this entitlement is in accordance with the laws of this jurisdiction, and this payment shall be considered equitable distribution of marital assets and is not to be considered spousal support.

The final decree was a consent decree. In order to effectuate the division of the husband's pension, the parties entered into a Qualified Domestic

Relations Order, also a consent order, which was entered by this court on December 15, 2008.[1] That order provided that:

> Linda Kennedy is entitled to a marital share of the retirement benefits of Randal[2] Kennedy, not to exceed 50% of the marital share of the retirement benefits.

The order then specified the method by which Mrs. Kennedy would receive her share.

> The parties now disagree about whether Mrs. Kennedy is entitled to one-half of the gross amount of Mr. Kennedy's pension or one-half of the marital share of the pension. (One-half of the gross amount of the pension is larger than the one-half of the marital share of the pension because Mr. Kennedy, who was retired at the time of the divorce, was employed by Fairfax County prior to the marriage.)

## Discussion

The qualified domestic relations order entered on December 15, 2008, was a consent order, signed by counsel for both parties. As such it is an agreement between the parties that cannot be modified by the court. *Newman v. Newman*, 42 Va. App. 557 (2004).

The 2008 order, being later in time, superseded any prior agreements between the parties related to the division of the pension:

> When two parties make a new contract that is inconsistent with the terms of a previous one dealing with the same subject matter, it may be described as both a rescission and a discharge by substitution [of the previous contract].

Arthur L. Corbin, *Corbin on Contracts*, § 1236 (one vol. ed. 1952).

> Where the parties to an existing contract enter into a new agreement, completely covering the same subject-matter, but containing terms which are inconsistent with those of

---

[1] Several other qualified domestic relations orders were entered by the court prior to the December 15, 2008, order. The parties represented to the court that the prior orders were rejected by the plan administrator.

[2] Mr. Kennedy's first name is spelled both "Randall" and "Randal" throughout the pleadings in this case. The court does not know which spelling is correct.

the earlier contract, so that the two cannot stand together, the effect is to supersede and rescind the earlier contract, leaving the later agreement as the only agreement of the parties on the subject.

Henry Campbell Black & Jay McIlvaine Lee, *A Treatise on the Rescission of Contracts and Cancellation of Written Instruments*, § 530 (2d ed. 1929).

Therefore, the 2008 order governed the division of Mr. Kennedy's pension. There is no dispute that Mr. Kennedy is in full compliance with the terms of the 2008 order. The Motion for a Finding of Contempt will be denied. Each party is to bear his or her own attorney's fees.